## STEVENS *v.* HALL *& a.*

The defendants signed a contract reciting that whereas they owed the town of
Manchester, &c., by certain notes made payable to the plaintiff, as treasurer
of the town, and whereas the plaintiff had been called upon to pay to the
town the amount of their notes, &c., they agreed as follows: " We agree to
indemnify and save harmless the said Stevens from all costs and trouble which
he may be put to, touching the same, in proportion to the several sums which
we owe as aforesaid." *Held,* in an action upon the contract, that the defend-
ants were liable severally and not jointly.

ASSUMPSIT, upon the following contract:

" Whereas we, the subscribers, now owe the town of
Manchester, by certain notes, made payable to Ephraim
Stevens, jr., as treasurer and agent of the town of Manches-
ter, and whereas the said Stevens has been called upon by
the selectmen of said Manchester to collect and pay over to
the town the amount of our said notes, and in case he shall
neglect to collect and pay over forthwith, the bond of the
said Stevens given to the town as treasurer and agent will
be put in suit. Now in consideration that the said Stevens
will delay the collection of our notes, and in case the bond
of the said Stevens to the town shall be put in suit we agree
to indemnify and save harmless the said Stevens from all
costs and trouble which he may be put to touching the same,
in proportion to the several sums which we owe as afore-
said."

July 22, 1839.

This contract purported to be signed by nine persons, the
defendants in this suit.

The court ruled that upon this contract the defendants
were jointly liable for the neglect of any one of them to pay
his proportion of the expenses against which the plaintiff
was to be indemnified, and a verdict was returned accord-
ingly, which the defendants move may be set aside.

*Morrison,* for the plaintiff.

*D. Clark,* for the defendants.

GILCHRIST, C. J.   The ruling of the court as to the joint liability of the defendants is incorrect.   From the peculiar language of the contract, the defendants were liable severally and not jointly.   By the contract, they agreed to indemnify the plaintiff in proportion to the several sums which they then owed, that is, each one of them agreed to indemnify the plaintiff, in proportion to the sum which he owed. They did not jointly make a promise of indemnity in proportion to the sum which any one of them might owe, but each one spoke for himself.   The case is not unlike the ordinary promise to pay in a subscription paper, where it is very common to use these words : " We promise to pay the sums set against our names," and the sum is affixed against the name of each subscriber.   In such a case no one would contend that there was a joint promise by all to pay the subscription of each.

The true construction of the contract is, that inasmuch as all the subscribers were indebted to the town of Manchester in different degrees, each one was willing to indemnify the plaintiff in proportion to his indebtedness.   This, moreover, is such a contract as the parties would be likely to make, for it is altogether improbable that each one, in consideration of his individual liability to the town, would voluntarily agree to become responsible for the neglect of another person to pay what he owed the town.

*Verdict set aside.*